# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:10cr255** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **STARLETTA JERNIGAN,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

Before the court for disposition is Defendant Starletta Jernigan's motion for clarification of sentence (Doc. 78). The court sentenced defendant on June 12, 2012 for conspiracy to commit access device fraud. The sentence included, *inter alia*, a twenty-four (24) month prison term to run concurrent to a state court sentence that defendant is serving.

At sentencing, defense counsel requested that the court grant the defendant an adjustment or departure pursuant to United States Sentencing Guideline (hereinafter "USSG") § 5G1.3(b), for the time that she has already served on her state sentence.

Defense counsel indicates that he understood that the court granted such an adjustment or departure. The United States Attorney and the probation office believe that the adjustment or departure was not granted. Thus, defendant filed the instant motion for clarification to determine whether the court did in fact grant the adjustment or not.

The defense notes that a district court cannot grant pre-sentence credit regarding the state court sentence. (Doc. 78, Mot. for Clarification, ¶ 15). Defendant argues, however, that the court can reach the same result

in appropriate cases by applying USSG § 5G1.3(b) or Note 3(E).

To the extent that defendant is correct that such a result could be reached by applying the appropriate guideline, the court declines to exercise its discretion to order such an application in the instant case. The court indicated at the sentencing that defense counsel, Matthew Carmody, did a good job for the defendant and worked hard on the case. (Doc. 79, Notes of Testimony, Sentencing, Jun. 12, 2012 at 19). Further, the court noted that it "agreed" with defense counsel. (Id.) By way of clarification, the court agreed to a concurrent sentence and a shorter sentence than otherwise could have been imposed. It did not agree with invoking USSG § 5G1.3(b) or Note 3(E) to provide the defendant an adjustment or departure based upon the time she has already served on the state court sentence.

Date: **June 15, 2012**                    **BY THE COURT:**


                                           **s/ James M. Munley**

                                           **JUDGE JAMES M. MUNLEY**
                                           **United States District Court**